

# NUMBER 13-24-00610-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

LEONARD TAPLIN,                                                           Appellant,

v.

JAYENDRA ACHEN,                                                           Appellee.

## ON APPEAL FROM THE COUNTY COURT AT LAW NO. 2
## OF DENTON COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Justices Silva, Peña, and Fonseca**
**Memorandum Opinion by Justice Fonseca**

This matter is before the Court on its own motion.[1] On December 13, 2024, the

Clerk of the Court notified appellant that it appeared that his notice of appeal was not in

compliance with Texas Rules of Appellate Procedure 9.5, 25.1(d)(2), (5), and 25.1(e).

---

[1] This case is before the Court on transfer from the Second Court of Appeals pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

*See* TEX. R. APP. P. 9.5, 25.1(d)(2), (5), 25.1(e). On January 29, 2025, the clerk's notice was returned and marked "return to sender," "not deliverable as addressed," and "unable to forward." The notice was also emailed to appellant's only known email address.

On January 29, 2025, the Clerk of the Court again notified appellant that it appeared that his notice of appeal was not in compliance with Texas Rules of Appellate Procedure 9.5, 25.1(d)(2), (5), and 25.1(e). *See id.* The Clerk of the Court further notified appellant that if the defect was not corrected within ten days, the appeal would be dismissed *See id.* R. 42.3(b), (c). The notice was sent via email and regular mail. Furthermore, the Clerk of the Court twice attempted to call appellant at appellant's only known phone number and left a voicemail requesting an updated email address and attempting verify appellant's other contact information.

Texas Rule of Appellate Procedure 9.1(b) requires unrepresented parties to sign any document filed and "give the party's mailing address, telephone number, fax number, if any, and email address." *See id.* R. 9.1(b). Texas Rule of Appellate Procedure 42.3 permits an appellate court, on its own initiative after giving ten days' notice to all parties, to dismiss the appeal for want of prosecution or for failure to comply with a requirement of the appellate rules. *See id.* R. 42.3(b), (c). Accordingly, we dismiss the appeal for want of prosecution.

YSMAEL D. FONSECA
Justice

Delivered and filed on the
10th day of April, 2025

2